PERSONS PERMITTED TO TEST AND MEASURE THE HUMAN EYE Any person not licensed under Chapter 11 or Chapter 13 of 59 O.S. 1961 cannot be permitted to make any tests or measurements of the human eye. This is in reply to your letter in which you requested an opinion on the following question: "Can any person not licensed under Ch. 11 or Ch. 13 of Title 59 O.S. 1951 be permitted to make any test or measurement of the human eye?" Chapter 11, Title 59 has to do with the licensing of physicians and Chapter 13 sets out requirements for the licensing of optometrists. Title 59 O.S. 942 [59-942] (1961), pertains to the sale of optical goods and devices. In part this section states: "Persons licensed under the provisions of Title 59 O.S. 1951 may under a written prescription, or its duplicate, authorize any optical supplier to interpret such prescription, and who in accordance therewith may measure, adapt, fit, prepare, dispense, or adjust such lenses, spectacles, eye glasses, prisms, tinted lenses, frames or appurtenances thereto, to the human face for the aid or correction of visual or occular anomalies of the human eye. . . ." Section 942 was interpreted by Attorney General's Opinion No. 69-172(A). This opinion held: "An optician may measure, adapt, fit, prepare, dispense, or adjust such lenses pursuant to a written prescription from a physician or optometrist. The prescription from the physician or optometrist must be a full, complete and specific prescription for contact lenses and since the prescribing physician or optometrist remains legally responsible for the effects of the lenses so furnished by the optical supplier, the patient should be required to return to the prescribing physician or optometrist for evaluation of the accuracy of the lenses and their fitting. Under no circumstances may the optician examine the human eye for occular abnormalities." (Emphasis added) From the foregoing it would appear that the optical supplier may measure, adapt, fit, prepare, dispense or adjust lenses, spectacles, eye glasses, prisms, tinted lenses, frames or appurtenances thereto, only in accordance with a prescription and may not deviate from the prescription or make any independent tests or measurements of the human eye. We find no law allowing anyone other than an optometrist or a physician to make such tests. In the case of Reed v. Kuzirian, 228 Ore. 619, 365 P.2d 1046, (1961), the court enjoined an optician from measuring portions of the cornea of a person and, based upon these measurements and the optician's judgment, determining what he deemed to be the appropriate size and curvature of contact lenses suitable for use by such person, unless the optician was acting under direct personal supervision of legally qualified personnel. The Oregon Court found that taking measurements of the eye required some degree of professional skill and judgment. In the case of High v. Ridgeway Opticians, 258 N.C. 626, 129 S.E.2d 301 (1963), the North Carolina Court allowed opticians to use a keratometer in fitting contact lenses. A keratometer is an instrument used to measure the curvature of the eye. North Carolina has a statute very similar to 59 O.S. 942 [59-942] (1961), in regard to what an optician is allowed to do. However, one of the bases used by the court in the High case, supra, to distinguish their holding from the Oregon case was that Oregon had no licensing requirement for opticians whereas North Carolina does require a dispensing optician to obtain a license before he can practice his skills. Although the Oklahoma statute pertaining to opticians is similar to the North Carolina statute, Oklahoma, like Oregon, does not require the dispensing optician to take any kind of an examination or to obtain a license before practicing his profession. In the case of Commonwealth v. Stewaet, 21 Pa. Dist. Co.2d 295 (1959), the Pennsylvania Court, in a criminal proceeding charging the practicing of optometry without a license, expressed reasonable doubt as to whether the process of measuring the curvature of the eye in order to grind contact lenses came within the category of a professional function. However, the great majority of decisions have held that much professional judgment is needed in making such a determination. See Reed v. Kuzirian, supra; Ketring v. Sturges, 372 S.W.2d 104
(Mo.Sup.Ct. 1963); Fields v. Dist. of Columbia,232 A.2d 300 (1967); and New Jersey State Board of Optometrists v. Reiss, 83 N.J. Super. 47, 198 A.2d 816
(1964). From the foregoing court decisions it appears clear that to test or measure the human eye expertness and training are essential. This is the reason our previous Opinion No. 69-172(A) held that an optical supplier must have a full, complete, specific prescription for lenses from a physician or optometrist before he could measure, adapt, fit, prepare, dispense, or adjust lenses. This prescription must contain the results of all tests and measurements of the eye in order that the optical supplier may follow this prescription in carrying out his functions. Therefore, your question should be answered in the negative, in that any person not licensed under Chapter 11 or Chapter 13 of Title 59 O.S. 1961 cannot be permitted to make any tests or measurements of the human eye. (Tim Leonard) ** SEE: OPINION NO. 71-440 (1972) **